UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROYSTON HO-A-LIM, | ) | |
| | ) | Case No. 1:08-CV-1200 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE ANN ALDRICH |
| | ) | |
| CUYAHOGA COMMUNITY COLLEGE, | ) | |
| | ) | |
| Defendant. | ) | MEMORANDUM AND ORDER |
| | ) | |
| | ) | |

## I.    BACKGROUND

On June 23, 2009 this court granted defendant Cuyahoga Community College's ("Tri-C") motion for summary judgement, finding that plaintiff, Royston Ho-A-Lim ("Ho-A-Lim") failed to establish his prima facie case for alleged race and religious discrimination.

On July 4, 2009, Tri-C filed a motion for the taxation of costs pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920 for the amount of three thousand, nine hundred twenty-two dollars and thirty-nine cents ($3,922.39). Local Rule 7.1(D) provides that opposition motions for non-dispositive issues must be filed within 14 days of service. Ho-A-Lim did not file an opposition motion, and the motion is ripe for adjudication.

## II.    LAW AND ANALYSIS

Fed. R. Civ. P. 54(d) provides, in part, that costs "*should* be allowed to the prevailing party . . . unless a federal statute, these rules, or a court order provides otherwise." (Emphasis added). Costs recoverable under 54(d) are listed in 28 U.S.C. §1920, which provides that:

> A judge or clerk of any court of the United States may tax as costs the following:

> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

"In awarding costs, the district court looks at whether the expense is an allowable expense and then, whether the amount is reasonable and necessary." *King v. Growley*, 268 Fed. Appx. 389 (6th Cir. 2008) (citation omitted).

First, the court determines whether the expenses are allowable. *King v. Growley*, 268 Fed. Appx. 389. "The district court may not award costs not authorized by the statute." *Id.* In support of its motion, Tri-C submitted an affidavit that identified costs of the transcripts and fees of the court reporter. Together, these costs are considered deposition costs and are authorized under "subsections 2 and 4 of § 1920." *Sales v. Marshall,* 873 F.2d 115, 120 (6th Cir. 1989). Thus, these fees are allowable.

Second, the court determines whether the amount is reasonable and necessary, understood as costs that "reasonably occurred" in the case. *King*, 268 Fed Appx. at 391. In other words, the costs must be "necessarily obtained for use in the case." 28 U.S.C. §1920. Here, the Tri-C submitted costs that it incurred from six depositions. It spent less than four thousand dollars doing so. This court finds that the costs are reasonable and necessary, and Ho-A-Lim has made no argument to the contrary.

Accordingly, this court finds that the costs are authorized by 28 USC § 1920, and are reasonable in amount. Tri-C is awarded the amount of $3,922.38.

**III.  CONCLUSION**

Tri-C's motion for taxation of costs is granted. Because this case is currently on appeal, this order shall take effect only upon the issuance of an order from the Sixth Circuit Court of Appeals affirming the grant of summary judgment.

/s/*Ann Aldrich*
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated:** July 31, 2009